**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

UNITED STATES OF AMERICA

v.                                                          Case No:  2:10-cr-36-FtM-36DNF

DARRYL POWELL,

_____/

**O R D E R**

     This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Douglas N. Frazier (Doc. 29), filed on July 9, 2010.  In his Report and Recommendation, Magistrate Judge Frazier recommends that Defendant Darryl Powell's Motion to Suppress (Doc. 18), filed on May 28, 2010 be denied.  On July 26, 2010, Defendant Darryl Powell filed an objection to Judge Frazier's Report and Recommendation (Doc. 34).

**ANALYSIS**

     After conducting a careful and complete review of the findings and recommendations issued by a magistrate judge, the district judge may accept, reject, or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1)©); *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112, 103 S. Ct. 744, 74 L. Ed. 2d 964 (1983).  A district judge shall make a *de novo* determination of those portions of the report or specified proposed findings to which objection is made.  28 U.S.C. § 636(b)(1)©).  This determination requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citations omitted).  Even in the absence of an explicit objection, the district judge must review all legal conclusions *de novo*.

*See United States of America v. Knight*, 2010 U.S. Dist. LEXIS 23970 *2 (M.D. Fla. February 19, 2010) (citing *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994)).

In his objection, Defendant argues that the search warrant issued on June 26, 2009 was defective because it was not based upon probable cause.  Specifically, Defendant argues that the warrant was issued without sufficient information indicating knowledge of what might have been found at the residence.  To support his argument, Defendant notes that the confidential informant did not enter Defendant's residence during the controlled drug purchase.  Defendant also argues that the information supporting the search warrant was fatally stale.

In his objection, Defendant also argues that his *Miranda* rights were violated when he was interrogated at the time of the search.  Specifically, Defendant argues that his privilege against self-incrimination was violated when Detective Candice M. Petaccio allegedly approached Defendant and informed him of the charges, prompting Defendant to make incriminating statements.

After reviewing the transcript of the June 22, 2010 Motion to Suppress hearing and Magistrate Judge Frazier's Report and Recommendation, and undertaking a *de novo* review of the legal determinations recommended therein, the Court fully agrees with the findings of fact and conclusions of law made by Magistrate Judge Frazier.

Accordingly, it is now **ORDERED**:

1.    The Magistrate Judge's Report and Recommendation (Doc. 29) is **ACCEPTED AND ADOPTED**, and is specifically incorporated into this Opinion and Order, for all purposes, including appellate review.

2.    Defendant's Motion to Suppress (Doc. 18) is **DENIED**.

**DONE AND ORDERED** at Ft. Myers, Florida, on August 10, 2010.

Charlene Edwards Honeywell
United States District Judge

**COPIES FURNISHED TO**:
Magistrate Judge Douglas N. Frazier
Counsel of Record

3